Tyler A. Brown (State Bar No. 121350)
Douglas G.A. Johnston (State Bar No. 268880)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mails: tyler.brown@jacksonlewis.com
         douglas.johnston@jacksonlewis.com

Attorneys for Defendant
AETNA LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MICHAEL KENIHAN, | Case No. |
|---|---|
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | **Fresno County Superior Court No. 13 CE CG 03993** |
| AETNA LIFE INSURANCE COMPANY, a corporation, and DOES 1-100, inclusive, | Complaint Filed: December 5, 2013 |
| Defendant. | Trial Date: Not Set |

TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF MICHAEL KENIHAN, AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant AETNA LIFE INSURANCE COMPANY [CONFIRM NAME]. ("Aetna"), a Connecticut corporation having its principal place of business in Hartford, Connecticut, hereby invokes this Court's jurisdiction under the United States Constitution, Article 3, § 2, provisions of 28 U.S.C. §§ 1331, 1332, 1367 and 1441(a) and remove the above-entitled action to this Court from the Superior Court of the State of California in and for the County of Fresno.

**PRELIMINARY STATEMENT OF JURISDICTION**

1.   This Court has original jurisdiction over this action under the United States Constitution, Article 3, § 2 and 28 U.S.C. § 1331, and this action is therefore one that may be removed to this Court by Defendant under 28 U.S.C. § 1441(a), in that it is a civil action alleging

1  a claim arising from federal law.

2      2.    This Court has supplemental jurisdiction over all other claims as each claim is within the same case or controversy as the claim arising from federal law.

    3.    In addition, this Court has original jurisdiction under 28 U.S.C. § 1332(a), and this action is therefore one that may be removed to this Court by Defendant under 28 U.SC. § 1441(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

## VENUE

    4.    Although Defendant reserves the right to move for a transfer of venue to the one most appropriate and convenient for all parties, Defendant alleges that venue lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." As state above, Plaintiff brought this action in the Superior Court of the State of California in and for the County of Fresno. Thus, venue properly lies in the United States District Court for the Eastern District of California under 28 U.S.C. §§ 84(a), 1391(a) and 1441(a).

## PLEADINGS, PROCESS AND ORDERS

    5.    On or around December 5, 2013, Plaintiff Michael Kenihan ("Plaintiff" filed a civil complaint against Aetna, in the Superior Court of the State of California in and for the County of Fresno ("Superior Court") entitled *Michael Kenihan v. Aetna Life Insurance Company, a corporation; and Does 1 – 100, inclusive, Defendants*, Case No. 13-CECG-03883 ("Complaint"). Plaintiff's Complaint sets forth eight (8) causes of action, numbered as follows: (1) Disability Discrimination; (2) Failure to Accommodate; (3) Failure to Engage in Interactive Process; (4) Retaliation for Taking Protected Medical Leave (CFRA); (5) Retaliation for Taking Protected Medical Leave (FMLA); (6) Interference with Taking Protected Medical Leave (CFRA); (7) Interference with Taking Protected Medical Leave (FMLA); and (8) Failure to

2

NOTICE OF REMOVAL          Case No. _____

Prevent Discrimination and Retaliation.

6. Plaintiff served the Summons and Complaint on Aetna on December 26, 2013. The Complaint gave no indication of the amount of damages sought. (A copy of the conformed Summons, Complaint and other related court documents served on Defendant is attached as Exhibit A).

7. Aetna filed an answer with the Fresno County Superior Court in this action on January 23, 2014. A true and correct copy of Aetna's answer to the complaint is attached as Exhibit B.

## TIMELINESS OF REMOVAL

8. This Notice of Removal is timely under 28 U.S.C. § 1446(b) in that Defendant filed it within 30 days after December 26, 2013, which is the date it first received a paper, the Complaint, from which it may first be ascertained that the case is one which is or has become removable.

## FEDERAL QUESTION JURISDICTION

9. Federal "district courts shall have original jurisdiction of all civil actions under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331; See also 28 U.S.C. § 1367(a).

10. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

11. Plaintiff's fifth and seventh causes of action were brought under the Family Medical Leave Act ("FMLA"). *See* Exhibit A at ¶¶ 39- 43; ¶¶ 49-53; 19 U.S.C. §2601 *et seq.*

12. Accordingly, Plaintiff's fourth and seventh causes of action arise under federal law, and permit removal based on federal question jurisdiction.

## SUPPLEMENTAL JURISDICTION

13. It is indisputable that Plaintiff's first, second, third, sixth and seventh cause of action arise from the same transaction and rely on identical facts for the resolution and form part

of the same controversy under Article III as Plaintiff's fourth and fifth causes of action. *See* Exhibit A, including ¶¶ 1 -14; 39; 41; 49; 51.

14. Because this court has original jurisdiction over Plaintiff's fourth and fifth causes of action, this court should exercise supplemental jurisdiction over Plaintiff's remaining claims – which are within the same case or controversy – pursuant to 28 U.S.C. § 1367. *See also Sea-Land Service, Inc. v. Lozen International* (9th Cir. 2002) 285 F.3d 808, 813.

## DIVERSITY JURISDICTION UNDER 29 U.S.C. § 1332(a)

15. Diversity jurisdiction under §1332(a) is established where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

16. Complete diversity of jurisdiction exists in that Plaintiff was, at the time of filing of the Complaint, and still is, a resident and citizen of the State of California. See Exhibit A ¶ 1.

17. Defendant Aetna was, at the time of the filing of the Complaint, and still is, a corporation incorporated under the laws of the State of Connecticut. *See* Declaration of Neal Murphy ("Murphy Decl."), ¶ 3, attached as Exhibit C; *see also* Exhibit A, ¶ 2.

18. For diversity purposes, a corporation is considered a citizen of any state by which it is incorporated and of the state where it has its principal place of business. See 28 U.S.C. § 1332(c)(1). The Supreme Court adopted the "nerve-center" test to determine in which state a corporation has its principal place of business. *Hertz Corp. v. Friend* (2010) 559 U.S. 77, 130 S. Ct. 1181, 1192 (holding the Ninth Circuit improperly denied Defendant's removal request where Defendant submitted a declaration stating its leadership is located at corporate headquarters in New Jersey and that its core executive and administrative functions are primarily carried out in New Jersey). In adopting the nerve-center test, the Supreme Court declined to adopt the more complex "total activities" test, which determined a principal place of business by identifying the state where the corporation conducts a majority of its sales or production. *Id.* at 1191 – 92. In adopting the less complex nerve-center test, the Court noted that in certain circumstances the test could produce counterintuitive results and be difficult to apply. For example, when a corporation's visible business activities take place in New Jersey but its top officers direct those

activities from New York, the principal place of business is in New York. *Id*. at 1194. Despite these issues the Court preferred a more uniform jurisdictional rule that focused on the location of the corporation's overall direction, control, and coordination, rather than a rule requiring the courts to evaluate and weigh corporate functions, assets and revenues. *Id.* In applying the nerve center test the Ninth Circuit Court of Appeals has observed "the nerve center test focuses on where the enterprise's decisions are made, as opposed to carried out, and thus centers on the 'brains' of an enterprise, not the 'brawn.'" *See United States v. Chao Fan Xu* (9th Cir. 2012) 706 F.3d 965, 976 (holding the nerve center will usually be the state where the corporation has its headquarters).

19. Here, Defendant Aetna maintains its principal place of business in the State of Connecticut. Murphy Decl. ¶ 4. Aetna's headquarters are in Hartford, Connecticut, which is where all of Aetna's corporate officers direct, control and coordinate the national operations of Aetna, including the Chairman of the Board, Chief Executive Officer and Chief Financial Officer. Murphy Decl. ¶ 4. Aetna's senior executives are based out of Aetna's Connecticut headquarters. Murphy Decl. ¶ 4. All nationwide administrative functions and primary executive functions for Aetna operate out of Aetna's Connecticut headquarters.

20. The only other defendants named in Plaintiff's Complaint are fictitious parties identified as "DOES 1 -100," whose citizenship shall be disregarded for the purpose of removal. 28 U.S.C. § 1441(b)(1)

**AMOUNT IN CONTROVERSY**

21. Without conceding that Plaintiff is entitled to damages or could recover damages in any amount whatsoever, the amount in controversy for Plaintiff in this action is more likely than not to exceed $75,000.

22. While the Complaint does not specify the total dollar amount of damages sought, it is clear there is an amount specified well in excess of the Court's jurisdictional amount of $75,000. *See* 28 U.S.C. § 1332(a).

23. Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that

5
NOTICE OF REMOVAL                                                        Case No. _____

plaintiff's claim exceeds the jurisdictional minimum. *See Sanchez v. Monumental Life Ins. Co.*, (9th Cir. 1996) 102 F.3d 398, 404.

24. In determining whether the amount in controversy exceeds $75,000.00, the Court must presume the plaintiff will prevail on each and every one of his claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, (C.D. Cal. 2002) 199 F. Supp. 2d 993, 1001, citing Burns v. Windsor Ins. Co., 11th Cir. 1994) 31 F.3d 1092 (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F. 2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").

25. The amount in controversy may include general and special compensatory damages and attorney's fees which are recoverable by statute. *Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155 – 56. The Court may examine the nature of the action and the relief sought and take judicial notice of attorneys' fee awards in similar cases. *See e.g. Simmons v. PCR Technology* (N.D. Cal. 2002) 209 F. Supp. 2d 1029, 1035 (noting that attorneys' fees in individual employment discrimination cases often exceed damages).

26. A plaintiff is generally entitled to backpay in a wrongful termination cause of action. *Parker v. Twentieth Century Fox Film Corp.* (1970) 3 Cal.3d 176, 181. This remedy is "the amount that plaintiff would have earned but for the employer's unlawful conduct." Lowe v. California Resources Agency (1991) *1 Cal. App.4th 1140, 1144*.

27. Plaintiff's final wage with Defendant was approximately $36,110 per year. *See* Murphy Decl. ¶ 5. Plaintiff resigned on December 18, 2012.

28. Assuming a case resolution at least two years after the date of Plaintiff's resignation, Defendant may owe Plaintiff approximately $72,220 in backpay and excluding the benefits Plaintiff seeks in his Prayer for Relief.

29. Plaintiff also seeks liquidated damages, including those available under 29 U.S.C. § 2617(a)(1)(a)(iii) which, assuming a case resolution at least two years after the date of Plaintiff's resignation, Defendant may owe Plaintiff an additional amount of approximately $72,220.

NOTICE OF REMOVAL                                                                 Case No. _____

30. Plaintiff further claims an unspecified amount of damages non-economic damages. See Complaint, Prayer for Relief.

31. Plaintiff further claims compensatory, special, and general damages, including an unspecified amount of medical damages. *Id.*

32. Plaintiff also prays for unspecified amount of attorneys' fees. Attorneys' fees may be included in the amount in controversy. *Simmons,* 209 F. Supp. 2d at 1034. Attorneys' fees accrue until the action is resolved for the purpose of the amount in controversy requirement. *Id.* The Court may examine the nature of the action and the relief sought and take judicial notice of attorneys' fee awards in similar cases. *Id.* at 1035 (attorneys' fees in individual employment cases often exceed damages.) It is more likely than not that the amount of attorney's fees alone in controversy will be well over $75,000.

33. Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, (9th Cir. 1963) 325 F.2d 785, 787; *see also Aucina v. Amoco Oil Co.* (S.D. Iowa 1994) 871 F.Supp. 332. Because the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," a plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id.* at 334. Thus, although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on his claims, the potential punitive damages award alone against Defendant is more likely than not to exceed the $75,000 jurisdictional minimum.

34. In actions seeking declaratory or injunctive relief the value of the object of the litigation is used to establish the amount in controversy. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). The value is measured from the plaintiff's perspective. *Snow v. Ford Motor Co.*, 561 F.2d 787, 789-791 (9th Cir. 1977). Thus, although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on his wrongful termination claims and establish the requisite state of mind, the potential punitive damages award against Defendant could exceed the $75,000 jurisdictional minimum.

35. Accordingly, Plaintiff's allegations satisfy the jurisdictional prerequisite for the amount in controversy. It cannot be said to a legal certainty that Plaintiff would not be entitled to

recover the jurisdictional amount. *Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20 F.3d 383, 386-87 (10th Cir. 1994).

## **CONSENT TO REMOVAL**

36. Defendant, Aetna Life Insurance Company, as the lone named defendant consents to removal in this action.

WHEREFORE, Defendant prays that the above action now pending against them in the Superior Court of the State of California for the County of Fresno be removed to this Court.

Dated: January 24, 2014                           JACKSON LEWIS LLP

By:  /s/ Tyler A. Brown
Tyler A. Brown
Douglas G.A. Johnston
Attorneys for Defendant
AETNA LIFE INSURANCE COMPANY

4812-9894-2744, v. 2