**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AETNA LIFE INSURANCE COMPANY, a corporation; and DOES
1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MICHAEL KENIHAN

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| **FILED** |
| FRESNO SUPERIOR COURT |
| DEC 20 2013 |
| BY _____ DEPUTY |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravemen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravemen de la corte antes de que la corte desechar el caso.*

| | CASE NUMBER: |
| --- | --- |
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO<br>B. F. Sisk Courthouse<br>1130 O Street, Fresno, CA 93721 | *(Número del Caso):*<br>13 CE CG 03883 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark S. Adams (Bar # 078706) / John P. Briscoe (Bar # 273690)   Fax No.: (209) 473-4818
MAYALL HURLEY, P.C., 2453 Grand Canal Boulevard, Stockton, CA 95207   Phone No.: (209) 477-3833

| DATE:<br>*(Fecha)* | DEC 20 2013 | Clerk, by<br>*(Secretario)* | S. GARCIA | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Mark S. Adams   (Bar # 078706)
John P. Briscoe   (Bar # 273690)
MAYALL HURLEY, P.C.
2453 Grand Canal Boulevard, Stockton, CA 95207
TELEPHONE NO. (209) 477-3833   FAX NO. (209) 473-4818
ATTORNEY FOR *(Name):* Plaintiff MICHAEL KENIHAN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO
STREET ADDRESS: 1130 O Street
MAILING ADDRESS: 1130 O Street
CITY AND ZIP CODE: Fresno 93721
BRANCH NAME: B. F. Sisk Courthouse

**FILED**
DEC 05 2013
FRESNO COUNTY SUPERIOR COURT
By_____
DEPUTY

| CASE NAME: | |
|---|---|
| KENIHAN v. AETNA LIFE INSURANCE COMPANY, et al. | |

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 13 CE CG 03883<br><br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [X] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive

**4.** Number of causes of action *(specify):* Eight (8)

**5.** This case [ ] is   [X] is not   a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 4, 2013

John P. Briscoe
*(TYPE OR PRINT NAME)*                                       *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

*LexisNexis® Automated California Judicial Council Forms*

1  MAYALL HURLEY
   A Professional Corporation
2  2453 Grand Canal Boulevard, Second Floor
   Stockton, California 95207-8253
3  Telephone (209) 477-3833
   MARK S. ADAMS
4  Cal. State Bar No. 78706
   JOHN P. BRISCOE
5  Cal. State Bar No. 273690

6  Attorneys for Plaintiff, MICHAEL KENIHAN

7

8            SUPERIOR COURT OF CALIFORNIA

9         IN AND FOR THE COUNTY OF FRESNO

10  MICHAEL KENIHAN,                    Case No.:  1 3 CE CG 0 3 8 8 3

11        Plaintiff,                    COMPLAINT FOR DAMAGES FOR

12  v.
                                        1.  DISABILITY DISCRIMINATION
13                                      2.  FAILURE TO ACCOMMODATE
    AETNA LIFE INSURANCE COMPANY, a     3.  FAILURE TO ENGAGE IN
14  corporation; and DOES 1-100, inclusive,     INTERACTIVE PROCESS
                                        4.  RETALIATION FOR TAKING
15                                          PROTECTED MEDICAL LEAVE
          Defendants.                       (CFRA)
16                                      5.  RETALIATION FOR TAKING
                                            PROTECTED MEDICAL LEAVE
17                                          (FMLA)
                                        6.  INTERFERENCE WITH TAKING
18                                          PROTECTED MEDICAL LEAVE
                                            (CFRA)
19                                      7.  INTERFERENCE WITH TAKING
                                            PROTECTED MEDICAL LEAVE
20                                          (FMLA)
                                        8.  FAILURE TO PREVENT
21                                          DISCRIMINATION AND
                                            RETALIATION
22

23

24                                      JURY TRIAL DEMANDED

25

26        Plaintiff Michael Kenihan ("Kenihan") brings this action against Aetna Life Insurance

27  Company ("Aetna"), a corporation; and Does 1 through 100, for general, compensatory, punitive,

28

Complaint for Damages
Page 1 of 11

1 | and statutory damages, costs and attorneys' fees, resulting from the defendants' unlawful and

2 | tortious conduct, as ground therefore alleges.

3 | **PARTIES**

4 |     1.    Kenihan is an individual and is, and was at all times relevant herein, a resident of

5 | Fresno County, California. At all times relevant herein, Kenihan was employed in Fresno County,

6 | and was an "employee" as defined by Government Code section 12926.

7 |     2.    Kenihan is informed and believes and thereon alleges that Aetna is a Connecticut

8 | corporation qualified to do business in the State of California. Kenihan is informed and believes

9 | and thereon alleges that Aetna is an "employer" as defined by Government Code sections

10 | 12926(d), 12940(a), and 12940(j)(4)(A), as well as 29 USC § 2601 et seq.

11 |     3.    Aetna and Does 1-100 are collectively referred to as Defendants.

12 |     4.    Kenihan is not aware of the true names and capacities of the Defendants sued herein

13 | as Does 1 through 100, whether individual, corporate, associate, or otherwise, and therefore sues

14 | such Defendants by these fictitious names. Kenihan will amend this complaint to allege their true

15 | names and capacities when ascertained. Kenihan is informed and believes, and on that basis

16 | alleges, that each of the fictitiously named Defendants is responsible in some manner for the

17 | occurrences herein alleged and that Kenihan's injuries and damages herein alleged were legally

18 | caused by such Defendants. Unless otherwise indicated, each Defendant was acting within the

19 | course and scope of said agency and/or employment, with the knowledge and/or consent of said co-

20 | Defendant.

21 |     5.    Kenihan is informed and believes and thereupon alleges that at all times mentioned

22 | herein, each of the Defendants, including each Doe Defendant, was acting as the agent, servant,

23 | employee, partner and/or joint venturer of and was acting in concert with each of the remaining

24 | Defendants, including each Doe Defendant, in doing the things herein alleged, while at all times

25 | acting within the course and scope of such agency, service, employment partnership, joint venture

26 | and/or concert of action. Each Defendant, in doing the acts alleged herein, was acting both

27 | individually and within the course and scope of such agency and/or employment, with the

28 | knowledge and/or consent of the remaining Defendants.

## VENUE AND JURY TRIAL DEMAND

6.    Venue is proper in this court because the discriminatory acts alleged herein took place in Fresno County, California, and Kenihan's former place of employment with Aetna is located within Fresno County. Kenihan hereby demands a jury trial.

## GENERAL ALLEGATIONS

7.    On or around April 5, 2005, Kenihan began working for Aetna as a provider services representative in San Diego, California. That office was closed in or around 2006; Kenihan was thereafter transferred to Dallas, Texas and worked there for about one year as an inbound que associate. In or around August 2007, Kenihan was again transferred to Fresno, California, where he worked as a member services representative.

8.    In or around June of 2012, Kenihan began to suffer from intensified depression and panic attacks (Kenihan had suffered such symptoms before, but never to such an intolerable and disabling degree). He received medical treatment for his disabilities and was approved for intermittent leave, pursuant to the California Family Rights Act ("CFRA") and the Family Medical Leave Act ("FMLA") in or around August of 2012. He informed his supervisor, Teresa Lopez ("Lopez") about his medical conditions, their impact on his ability to work, and his need for time off. Kenihan took intermittent time off, as was approved.

9.    On or about November 29, 2012, Kenihan was informed via letter that he was being placed on "attendance probation," that he was "expected to improve [his] attendance," and that further "unscheduled/unprotected absences/lateness" could result in termination of employment. However, this document cited him for missing work on days on which he was excused pursuant to his intermittent leave.

10.    Furthermore, Teresa Lopez (team lead supervisor), Julie Meadows (call center manager) and Eli Al Hussein (team lead supervisor) made it apparent to Kenihan that he would soon be terminated. For instance, Lopez told Kenihan's sister that several attempts were made to terminate Kenihan's employment, over a period of months (after his disability commenced).

11.    On or around December 18, 2012, rightfully fearing impending termination, Kenihan was forced to resign his employment.

12.   On November 15, 2013, Kenihan filed all appropriate charges with the Department of Fair Employment and Housing (DFEH) against Aetna, and was issued from the DFEH a "right-to-sue" notice that same day.

13.   The list of misconduct by Defendants in the above allegations is a partial list only, and by way of example.

14.   Since being fired from Aetna, Kenihan has suffered damages.

**FIRST CAUSE OF ACTION**
**VIOLATION OF GOVERNMENT CODE SECTION 12940(a)**
**(Disability Discrimination)**
**Against Aetna and Does 1 – 100**

15.   Kenihan hereby realleges and incorporates by reference Paragraphs 1 through 14 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

16.   The Fair Employment and Housing Act ("FEHA") explicitly prohibits an employer from refusing to hire or employ a person, discharging a person from employment, or discriminating against such person in compensation or in terms, conditions or privileges of employment on the basis of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age or sexual orientation.  Gov. Code § 12940(a).  "Race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation" includes a perception that the person has any of those characteristics or that the person is associated with a person who has, or is perceived to have, any of those characteristics.  Gov. Code § 12926(n).

17.   At all times herein mentioned, Kenihan was qualified for the position he held with Aetna.

18.   Aetna was at all times material herein Kenihan's employer pursuant to Government Code section 12926(d) and was therefore barred from discriminating in its employment decisions in violation of Government Code section 12940(a).

19.     Nevertheless, as set forth above, Aetna discriminated against Kenihan based on his disability, perceived disability, and/or future perceived disability, in violation of Government Code section 12940(a).

20.     The acts taken toward Kenihan were carried out by and/or ratified by Defendants and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and malicious manner in order to injure or damage Kenihan, thereby justifying an award to him of punitive damages.

21.     As a direct and proximate result of Defendants' conduct, Kenihan has suffered damages and requests relief as hereafter provided.

## SECOND CAUSE OF ACTION
### VIOLATION OF GOVERNMENT CODE SECTION 12940(m)
**(Failure to Accommodate)**
**Against Aetna and Does 1 – 100**

22.     Kenihan hereby realleges and incorporates by reference Paragraphs 1 through 21 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

23.     The FEHA requires an employer to "make reasonable accommodation for the known physical or mental disability of an applicant or employee." Gov. Code § 12940(m).

24.     Aetna was at all times material herein Kenihan's employer pursuant to Government Code section 12926(d), had knowledge of Kenihan's disabilities, and was required to reasonably accommodate him pursuant to Government Code section 12940(m).

25.     Nevertheless, as set forth above, Aetna failed to make a reasonable accommodation for Kenihan's known disabilities in violation of Government Code section 12940(m).

26.     The acts taken toward Kenihan were carried out by and/or ratified by Defendants and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and malicious manner in order to injure or damage Kenihan, thereby justifying an award to him of punitive damages.

27.     As a direct and proximate result of Defendants' conduct, Kenihan has suffered damages and requests relief as hereafter provided.

**THIRD CAUSE OF ACTION**
**VIOLATION OF GOVERNMENT CODE SECTION 12940(n)**
**(Failure to Engage in Interactive Process)**
**Against Aetna and Does 1 – 100**

28.    Kenihan hereby realleges and incorporates by reference Paragraphs 1 through 27 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

29.    The FEHA requires an employer "to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical disability or known medical condition." Gov. Code § 12940(n).

30.    Aetna was at all times material herein Kenihan's employer pursuant to Government Code section 12926(d), had knowledge of Kenihan's disabilities, and was required to engage in the interactive process pursuant to Government Code section 12940(n).

31.    Nevertheless, as set forth above, Aetna failed to engage in a timely, good faith, interactive process to determine effective reasonable accommodations in violation of Government Code section 12940(n).

32.    The acts taken toward Kenihan were carried out by and/or ratified by Defendants and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and malicious manner in order to injure or damage Kenihan, thereby justifying an award to him of punitive damages.

33.    As a direct and proximate result of Defendants' conduct, Kenihan has suffered damages and requests relief as hereafter provided.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF GOVERNMENT CODE SECTION 12945.2**
**(Retaliation for Taking Protected Medical Leave - CFRA)**
**Against Aetna and Does 1-100**

34.    Kenihan hereby realleges and incorporates by reference Paragraphs 1 through 33 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

35.     The California Family Rights Act ("CFRA") is part of the FEHA and explicitly prohibits an employer or person from discharging, expelling, or otherwise discriminating against any person because the person has taken protected medical leave.  Gov. Code § 12945.2.

36.     Nevertheless, as set forth above, Defendants discriminated against Kenihan for taking medical leave pursuant to the CFRA.

37.     The acts taken toward Kenihan were carried out by and/or ratified by Defendants and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and malicious manner in order to injure or damage Kenihan, thereby justifying an award to him of punitive damages.

38.     As a direct and proximate result of Defendants' conduct, Kenihan has suffered damages and requests relief as hereafter provided.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF 29 USC § 2615(a)(2)**
**(Retaliation for Taking Protected Medical Leave - FMLA)**
**Against Aetna and Does 1-100**

39.     Kenihan hereby realleges and incorporates by reference paragraphs 1 through 38 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

40.     The Family and Medical Leave Act ("FMLA") provides that it is unlawful for an employer to discriminate against or discharge an employee for taking FMLA leave, or for opposing or complaining about violations of the FMLA.  29 USC § 2615(a)(2).

41.     Nevertheless, as set forth above, Defendants discriminated against Kenihan for taking medical leave pursuant to the FMLA.

42.     Defendants' actions towards Kenihan were committed or ratified by Defendants, and/or their managing agents and/or employees in an oppressive, fraudulent, and malicious manner in order to injure or damage Kenihan, thereby justifying an award of punitive damages.

43.     As a direct and proximate result of Defendants' conduct, Kenihan has suffered damages and requests relief as hereafter provided.

/ / /

**SIXTH CAUSE OF ACTION**
**VIOLATION OF GOVERNMENT CODE SECTION 12945.2(l)(1)**
**(Interference with Protected Medical Leave - CFRA)**
**Against Aetna and Does 1-100**

44.    Kenihan hereby realleges and incorporates by reference Paragraphs 1 through 43 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

45.    Under the CFRA it is an unlawful employment practice for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under this section. Gov. Code § 12945.2(t).

46.    Nevertheless, as set forth above, Defendants interfered with rights afforded Kenihan under the CFRA in violation of Government Code section 12945.2(t).

47.    The acts taken toward Kenihan were carried out by and/or ratified by Defendants and/or managing agents and/or employees of Defendants acting in an oppressive, fraudulent, and malicious manner, thereby justifying an award of punitive damages.

48.    As a direct and proximate result of Defendants' conduct, Kenihan has suffered damages and requests relief as hereafter provided.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF 29 USC § 2615(a)(1)**
**(Interference with Protected Medical Leave - FMLA)**
**Against Aetna and Does 1 – 100**

49.    Kenihan hereby realleges and incorporates by reference Paragraphs 1 through 48 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

50.    The Family Medical Leave Act ("FMLA") provides that it is unlawful for an employer "to interfere with, restrain, or deny the exercise of [. . .] any right" under the FMLA. 29 USC § 2615(a)(1).

51.    Nevertheless, as set forth above, Defendants interfered with rights afforded Kenihan under the FMLA.

52.     The acts taken toward Kenihan were carried out by and/or ratified by the Defendants and/or managing agent employees of the defendants acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure or damage Kenihan, thereby justifying an award to her of punitive damages in a sum appropriate to punish and make an example of the defendants, and each of them.

53.     As a direct and proximate result of Defendants' conduct, Kenihan has suffered damages and requests relief as hereafter provided.

**EIGHTH CAUSE OF ACTION**
**VIOLATION OF GOVERNMENT CODE SECTION 12940(k)**
**(Failure to Prevent Discrimination and Retaliation)**
**Against Aetna and Does 1 – 100**

54.     Kenihan hereby realleges and incorporates by reference Paragraphs 1 through 53 above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

55.     The FEHA requires an employer to "take all reasonable steps necessary to prevent discrimination and harassment from occurring." Gov. Code § 12940(k).

56.     Defendants were at all times material herein Kenihan's employers pursuant to Government Code section 12926(d) and were therefore required to prevent discrimination and retaliation as set forth in Government Code section 12940(k).

57.     Aetna knew or should have known of the discrimination and retaliation by its employees, supervisors, managers, and Does 1-100, inclusive.

58.     Nevertheless, as set forth above, Aetna did nothing to rectify or prevent said discrimination and retaliation.  Instead, Aetna consented to, encouraged, permitted and/or acquiesced to the discrimination and retaliation.

59.     The acts taken toward Kenihan were carried out by and/or ratified by Defendants and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and malicious manner in order to injure or damage Kenihan, thereby justifying an award to her of punitive damages.

60:    As a direct and proximate result of Defendants' conduct, Kenihan has suffered damages and requests relief as hereafter provided.

### PRAYER FOR RELIEF

WHEREFORE, Kenihan prays judgment against Defendants as follows:

**As to the First, Second, Third, Fourth, Sixth, and Eighth Causes of Action:**

1.    Economic (special) and non-economic (general) damages;

2.    For injunctive relief pursuant to Government Code section 19265(c)(3);

3.    For punitive and/or exemplary damages; and

4.    For statutory attorneys' fees and costs, including those available under Gov. Code § 12965(b) and Code of Civil Procedure § 1021.5;

5.    Prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, including that available under Civil Code §§ 3287(a) and 3289(b);

6.    All other and further relief as the court deems just and proper.

**As to the Fifth and Seventh Causes of Action:**

1.    For compensatory, special, and general damages, including lost wages and related benefits, and medical expenses in an amount according to proof, but in excess of the minimum jurisdictional limit of this Court;

2.    For punitive and/or exemplary damages;

3.    For liquidated damages, including those available under 29 USC § 2617(a)(1)(a)(iii);

4.    For statutory attorneys' fees and costs, including those available under 29 USC § 2617(a)(3);

5.    For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, including that available 29 USC § 2617(a)(1)(A)(i), according to proof; and

6.    For such other and further relief as the court deems proper.

**DATED:** December 4, 2013                    **MAYALL HURLEY P.C.**

By _____
     MARK S. ADAMS
     JOHN P. BRISCOE
     Attorneys for Plaintiff,
     MICHAEL KENIHAN

# Alternative Dispute Resolution Information Packet

## Overview & History

Alternative Dispute Resolution (ADR) is an increasingly popular option that allows people to resolve disputes outside of court in a cooperative manner. ADR can be faster, cheaper, and less stressful than going to court. Most importantly, the use of ADR can provide greater satisfaction with the way disputes are resolved.

ADR has been gradually evolving within the Fresno Superior Court for the past several years. In 1999 the Court recognized a need for greater public access to dispute resolution for cases and established an ADR Department. This department assists parties by providing information regarding ADR processes and services.

*Additionally, in 2006 a Case Management Conference (CMC) order was implemented requiring parties in general civil cases to participation in ADR prior to trial. This order and supporting ADR forms can be found on the court's website, www.fresnosuperiorcourt.org under the "forms," section. Also, participation in ADR does not eliminate the need for proper and timely filing of case documents, such as an Answer to Complaint.*

## Disputes

ADR techniques have been used successfully in a variety of disputes involving individuals, small and large businesses, government, and the general public. Various types of ADR processes are available depending on the nature of the dispute. Many types of conflict often lend themselves to an alternative and informal method of dispute resolution. Some examples of disputes often settled by ADR include **but are not limited to:**

- Business disputes- contracts, partnerships
- Property / Land use disputes- property transfers, boundaries, easements
- Family disputes – divorce, property, custody, visitation, support issues
- Consumer / Collection disputes- repairs, services, warranties, debts
- Employment disputes- employment contracts, terminations
- Landlord/tenant disputes- evictions, rent, repairs, security deposits
- Neighborhood disputes / Relational disputes or other civil or personal conflicts
- Personal Injury / Insurance disputes- accidents, coverage, liability

## Processes:

The most common forms of ADR are Mediation, Arbitration, and Case Evaluation. In most ADR processes, a trained, impartial person decides or helps the parties reach resolution of their dispute together. The persons are neutrals who are normally chosen by the disputing parties or by the court. Neutrals can often help parties resolve disputes without having to go to court or trial. Below is a description of commonly used processes:

## *Mediation*

In mediation, the mediator (a neutral) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator **does** not decide how the dispute is to be resolved. The parties do. It is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other. Mediation often leads to better communication between the parties and lasting resolutions. It is particularly effective when parties have a continuing relationship, such as neighbors or businesses. It also is very effective when personal feelings are getting in the way of a resolution. Mediation normally gives the parties a chance to express their concerns in a voluntary, confidential process while working towards a resolution. The mediation process is commonly used for most civil case types and can provide the greatest level of flexibility for parties.

## *Arbitration*

In arbitration, the arbitrator (a neutral) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation whereby the mediator helps the parties reach their own resolution. Arbitration normally is more informal, quicker, and less expensive than a lawsuit. In a matter of hours, an arbitrator often can hear a case that otherwise may take a week in court to try. This is because the evidence can be submitted by documents rather than by testimony.

1. **Binding arbitration:** Usually conducted by a private arbitrator, this process takes place outside of the court. "Binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.

2. **Non-binding arbitration:** May be ordered through the court (Judicial Arbitration) or conducted privately. In this process, the arbitrator's decision is "not binding." This means that if a party is not satisfied with the decision of the arbitrator, they can file a request for trial with the court within a specified time. However, depending on the process if that party does not receive a more favorable result at trial, they may have to pay a penalty.

## *Case Evaluation*

In case evaluation, the evaluator (a neutral) gives an opinion on the strengths and weaknesses of each party's evidence and arguments. Each party gets a chance to present their case and hear the other side. This may lead to a settlement, or at the least, help the parties prepare to resolve the dispute later. Case evaluation, like mediation, can come early in the dispute and save time and money. The case evaluation process is most effective when parties have an unrealistic view of the dispute, need outside assistance in determining case value, and have technical or scientific questions to be worked out. This process is sometimes used in combination with mediation or arbitration.

## ADR Agreements:

Agreements reached through ADR normally are put into writing and can become binding contracts that can be enforced by the court if the parties. Parties may choose to seek the advice of an attorney as to your legal rights and other matters relating to the dispute before finalizing any agreement.

ADR Process Selection & Information:

There are several other types of ADR. Some of these include conciliation, settlement conference, fact finding, mini-trial, Victim Offender conferencing, and summary jury trial. Sometimes parties will try a combination of ADR types. The important thing is to find the type of ADR that is most likely to resolve the dispute. Contact the ADR department staff for assistance for additional information and referral to services appropriate for each specific case.

Advantages & Disadvantages of ADR:

*Advantages*

- **Often quicker than going to trial**, a dispute may be resolved in a matter or days or weeks instead of months or years.
- **Often less expensive**, saving the litigants court costs, attorney's fees and expert fees.
- **Permits more participation and empowerment**, allowing the parties the opportunity to tell their side of the story and have more control over the outcome.
- **Allows for flexibility** in choice of ADR processes and resolution of the dispute.
- **Fosters cooperation** by allowing the parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.
- **Often less stressful** than litigation. Most people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral before the lawsuit becomes costly. ADR has been used to resolve disputes even after trial, when the result is appealed.

*Disadvantages of ADR*

- ADR may not be suitable for every dispute.
- If the ADR process is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services. If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs, such as attorney's fees and expert fees.
- Lawsuits must be brought within specified periods of time, known as Statutes of Limitations. Parties must be careful not to let a Statute of Limitation run while a dispute is in an ADR process

Neutral Selection:

The selection of a neutral is an important decision. Please note that currently there is no legal requirement that the neutral be licensed or hold any particular certificate. However, the Court and many private programs have established qualification requirements and standards of conduct for their neutral panels.

\*A list of trained neutrals is available to assist parties on a fee-for-service basis. These individuals have met the requirements to participate on the Court's panel and provide private dispute resolution services. *Panelists are not Court employees; therefore service, style and expertise will vary by individual provider.*

Cases involving self-represented litigants or those unable to afford a private mediator, the court has three organizations that provide **free or low cost** mediation services through Dispute Resolution Program Act (DRPA) funding.  These organizations include:

- <u>Better Business Bureau Mediation Center</u>- This organization provides mediation for small claims, landlord / tenant, business, consumer/ merchant, harassment, and neighborhood disputes. For more information about their services go to <u>www.valleymediation.net</u> .

  4201 W. Shaw Ave., Ste. 107
  Fresno, CA 93722
  559.256.6300 (phone)
  800.675.8118, ext. 300 (toll free)
  www.bbbcencal.org

- <u>Fresno Pacific Mediation Services</u>- This organization is affiliated with Fresno Pacific University, Mediation Associates and Victim Offender Reconciliation Program (VORP).  They offer mediation for cases involving contract, property, corporate partnerships, family, employment, organization, and victim/offender disputes. For more information go to <u>www.peace.fresno.edu/mediate/</u>.

  1717 S. Chestnut Avenue
  Fresno, CA. 93702
  (559) 453-3423
  <u>mediation.services@fresno.edu</u>

- <u>San Joaquin College of Law Mediation Center</u>- This organization provides free mediation to self-represented parties regarding family law **property** disputes.  They also assist with the preparation of marital settlement agreements for divorcing parties.  For more information go to **www.sjcl.edu** and click on mediation.

  905 5ᵗʰ Street
  Clovis, CA. 93612
  (559) 323-2100

For more information, go to <u>www.fresnosuperiorcourt.org/alternative_dispute_resolution</u> or contact :

Mari Henson, Administrator
1130 "O" Street, Fresno CA 93724-0002
TEL (559) 457-1908, FAX (559) 457-1691
<u>mhenson@fresno.courts.ca.gov</u>

John Montejano, Asst. Administrator
1130 "O" Street, Fresno, CA 93724-0002
TEL (559) 457-1909, FAX (559) 457-1691
<u>jmontejano@fresno.courts.ca.gov</u>

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:                              FAX NO:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
1130 "O" Street
Fresno, California 93724-0002
(559) 457-1909

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION REGARDING ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The parties stipulate that they will engage in the following Alternative Dispute Resolution (ADR) process:

☐ Mediation    ☐ Arbitration    ☐ Neutral Case Evaluation    ☐ Other _____

The parties further stipulate that _____ has been selected as the mediator/arbitrator/neutral.

Address: _____

City, State, Zip _____

Phone Number:  (    ) _____

The parties acknowledge that they shall engage in some form of Alternative Dispute Resolution (ADR). The Alternative Dispute Resolution (ADR) must be completed within **180 days** after the Case Management Conference or prior to the Mandatory Settlement Conference, whichever is earlier, unless given prior approval by the court to continue the date.

Parties will be required to file an **Alternative Dispute Resolution (ADR) Status Report at least 10 court days prior to** the Mandatory Settlement Conference. Failure to do so may result in sanctions at an Order to Show Cause (OSC) hearing set by the court.

| Date | Type or Print Name | Signature of Party or Attorney for Party |
|---|---|---|
| | | |
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| | | |
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| | | |
| Date | Type or Print Name | Signature of Party or Attorney for Party |

☐  Additional signatures on Stipulation Regarding Alternative Dispute Resolution (ADR) Attachment

TADR-01 R01-09          STIPULATION REGARDING ALTERNATIVE DISPUTE RESOLUTION (ADR)

(                       (

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | *FOR COURT USE ONLY* |
| TELEPHONE NO:           FAX NO:<br>ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
1130 "O" Street
Fresno, California 93724-0002
(559) 457-1909

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| | |
|---|---|
| **ALTERNATIVE DISPUTE RESOLUTION STATUS REPORT (ADR)** | CASE NUMBER: |

Type of Civil Case:
☐ Personal Injury – Property Damage/Auto   ☐ Personal Injury – Property Damage   ☐ Contract   ☐ Other _____

Date Complaint Filed: _____

Amount in controversy:
☐ $0 to $25,000   ☐ $25,000 to $50,000   ☐ $50,000 to $100,000   ☐ Over $100,000.00 (specify) _____

Date of Alternative Dispute Resolution (ADR) Conference: _____

Name, address, and telephone number of person who conducted the Alternative Dispute Resolution (ADR) Conference:
_____
_____

Case resolved by Alternative Dispute Resolution:

☐ Yes   (proper filing of a **Notice of Settlement** or **Dismissal** form is required by clerk's office)

☐ No   Reason: _____

Alternative Dispute Resolution process concluded:

☐ Yes

☐ No   Reason for delay: _____
          Next scheduled hearing date: _____

Type of resolution process used:
☐ Mediation   ☐ Arbitration   ☐ Neutral Case Evaluation   ☐ Other (specify): _____

Case was resolved by:
☐ Direct Result of ADR Process   ☐ Indirect Result of ADR Process   ☐ Resolution was unrelated to ADR Process

If case went through **ADR** and resolved, estimate the closest dollar amount that was saved in attorney fees and/or expert witness fees by participating in the process.
☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ More than $1,000 (specify) _____

If case went through **ADR** and did not resolve, estimate the closest dollar amount of additional costs incurred due to participation in the ADR process.
☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ More than $1,000 (specify) _____

Case Number: _____

Check the closest estimated number of court days you saved in motions, hearings, conferences, trials, etc. as a direct result of this case being referred to this dispute resolution process:

☐ 0 Days          ☐ 1 Day          ☐ More than 1 day (specify) _____

 If the dispute resolution process caused an increase in court time for this case, please check the  estimated number of additional court days:

☐ 0 Days          ☐ 1 Day          ☐ More than 1 day (specify) _____

I would be willing to use the dispute resolution process again:

☐ Yes          ☐ No

Please provide any additional comments below regarding your experience with the ADR process:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

 CT Corporation

**Service of Process Transmittal**
12/26/2013
CT Log Number 524123950

TO:     Myrna Goodrich, U13N, Paralegal
        Aetna, Inc.
        980 Jolly Road
        Blue Bell, PA 19422-1904

RE:     **Process Served in California**

FOR:    Aetna Life Insurance Company (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Michael Kenihan, Pltf. vs. Aetna Life Insurance Company, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Instructions, Complaint, Attachment(s), Report, Notice |
| **COURT/AGENCY:** | Fresno County - Superior Court - Fresno, CA<br>Case # 13CECG03883 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for Policy Benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/26/2013 at 14:30 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after receipt |
| **ATTORNEY(S) / SENDER(S):** | John P. Briscoe<br>Mayall Hurley P.C.<br>2453 Grand Canal Boulevard<br>Stockton, CA 95207<br>209-477-3833 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/27/2013, Expected Purge Date: 01/01/2014<br>Image SOP<br>Email Notification, Desiree Beatty beattyd@aetna.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / GP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>**Civil Department - Non-Limited**<br>1130 'O' Street<br>Fresno CA 93724-0002<br>(559)457-1900 | *FOR COURT USE ONLY*<br><br>Filed<br>   Fresno County<br><br>DECEMBER   20, 2013<br>   By System |
| TITLE OF CASE:<br><br>   **Michael Kenihan vs AETNA Life Insurance** | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT**<br>**OF JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br>   **13CECG03883  MWS** |

Name and address of person served:       **Mark S Adams**
**Mayall, Hurley, Knutsen et all**
**2453 Grand Canal Blvd**
**Stockton CA 95207**

> This case has been assigned to Judge **Mark W Snauffer** for all purposes.
> All future hearings will be scheduled before this assigned judge.

You are required to appear at a Case Management Conference on **APRIL    07, 2014 at 01:30 PM in Judith Soley Conference Room, Fresno, California.**

You must comply with the requirements set forth in Fresno Superior Court Local Rule 2.1.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:** Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the Summons is served on you. You could lose the case if you do not file your response on time. If you do not know an attorney, and do not have one, you may call an attorney referral service or a legal aide office (*listed in the phone book*).

---

### CLERK'S CERTIFICATE OF MAILING

I certify that I am not a party to this cause and that a true copy of the **Notice of Case Management Conference and Assignment of Judge for All Purposes** was mailed first class, postage fully prepaid, in a sealed envelope addressed as shown below, and that the notice was mailed at **Fresno**, California, on:

Date   December 20, 2013             Clerk, by_____,
                                                        S. Garcia
**Mark S. Adams, Mayall, Hurley, Knutsen et all, 2453 Grand Canal Blvd, Stockton CA  95207**

> **NOTICE:** The name and address listed above is the address on file with Fresno Superior Court. All notices will be mailed to you at this address, unless you contact the court at the telephone number listed above. If your address changes during the course of this case, you must file and serve a Notice of Change of address and Telephone Number form. If the law firm is the attorney of record and the attorney to whom notices are to be sent within the firm changes, you must file a Designation of Attorney form pursuant to Local Rule 3.16. This form is available on the court's website:  http://www.fresno.courts.ca.gov/forms/

---

BCV-48A  R04-08        **NOTICE OF CASE MANAGEMENT CONFERENCE AND**        Local Rule 2.1
**ASSIGNMENT OF JUDGE FOR ALL PURPOSES**