Tyler A. Brown (State Bar No. 121350)
Douglas G.A. Johnston (State Bar No. 268880)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mails: tyler.brown@jacksonlewis.com
         douglas.johnston@jacksonlewis.com

Attorneys for Defendant
AETNA LIFE INSURANCE COMPANY.

FILED
JAN 23 2014
FRESNO COUNTY SUPERIOR COURT
By_____ DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF FRESNO

| | |
|---|---|
| MICHAEL KENIHAN,<br><br>Plaintiff,<br><br>v.<br><br>AETNA LIFE INSURANCE COMPANY, a corporation, and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 13 CE CG 03993<br><br>ANSWER TO PLAINTIFF MICHAEL KENIHAN's COMPLAINT<br><br><br>Complaint Filed: December 5, 2013<br>Trial Date: Not Set |

Defendant AETNA LIFE INSURANCE COMPANY ("Aetna") hereby answers the Complaint ("Complaint") filed by Plaintiff Michael Kenihan ("Plaintiff") as follows:

### GENERAL DENIAL

Pursuant to Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

By way of affirmative defenses to the allegations of the Complaint herein, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1.  Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which

relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

(Contributory Fault)

2. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

## THIRD AFFIRMATIVE DEFENSE

(After Acquired Evidence)

3. Any recovery on Plaintiff's Complaint or any purported cause of action alleged therein is barred by the doctrine of after-acquired evidence.

## FOURTH AFFIRMATIVE DEFENSE

(Equitable Doctrine)

4. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein is barred under the equitable doctrines of laches, consent, waiver, estoppel and unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

5. Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

(Privileged, Good Faith & Justified Conduct)

6. Any recovery on Plaintiff's Complaint is barred because Defendant's conduct was privileged and/or justified under California law and for valid business reasons.

## SEVENTH AFFIRMATIVE DEFENSE

(Failure to Engage in Interactive Process)

7. Plaintiff's Complaint and each alleged cause of action are barred in whole or in part because Plaintiff failed to participate in the interactive process and/or the process broke down through no fault of Defendant.

///

### EIGHTH AFFIRMATIVE DEFENSE

(Availability of Corrective Action)

8. Plaintiff's Complaint and each alleged cause of action are barred in whole or in part because assuming *arguendo* Defendant knew or should have known Plaintiff was subjected to unlawful discrimination and/or retaliation, Defendant took immediate and appropriate corrective action.

### NINTH AFFIRMATIVE DEFENSE

(Exclusive Remedy)

9. Plaintiff's causes of action are barred because the exclusive remedy for Plaintiff's alleged injuries, including any emotional injuries, if any, is before the California Workers' Compensation Appeals Board pursuant to the exclusive remedy provisions of the California Workers' Compensation Act (*see* California Labor Code section 3600 *et seq.*).

### TENTH AFFIRMATIVE DEFENSE

(Internal Remedies)

10. Plaintiff's Complaint and each alleged cause of action are barred in whole or in part because Defendant Aetna had in place internal complaint policies and procedures, including policies and procedures prohibiting unlawful discrimination and retaliation and Plaintiff failed to avail himself of available internal remedies before bringing this lawsuit.

### ELEVENTH AFFIRMATIVE DEFENSE

(Undue Hardship)

11. Plaintiff's Complaint and each alleged cause of action are barred in whole or in part because any accommodation sought by Plaintiff for his alleged disability and/or medical condition was not reasonable and/or created an undue hardship.

### TWELFTH AFFIRMATIVE DEFENSE

(Non-Discriminatory Business Reason)

12. Plaintiff's Complaint and each alleged cause of action are barred in whole or in part because assuming arguendo that discriminatory and/or retaliatory reasons were a factor in any employment decision involving Plaintiff, Defendant would have made the same employment

1  decisions with regard to Plaintiff for legitimate, non-discriminatory business reasons.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Additional Defenses)

13. Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to the causes of action asserted. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable is hereby reserved.

**WHEREFORE,** Defendants pray for judgments as follows:

1. That Plaintiff take nothing by his Complaint;
2. That the Complaint be dismissed in its entirety with prejudiced;
3. That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;
4. For costs of suits incurred herein, including reasonable attorneys' fees; and
5. For such other and further relief as the Court deems just and equitable.

DATED: January 24, 2014                                    JACKSON LEWIS P.C.

By: _____
Tyler A. Brown
Attorneys for Defendant
AETNA LIFE INSURANCE COMPANY

4817-8659-5352, v. 1

ANSWER TO PLAINTIFF
MICHAEL KENIHAN'S COMPLAINT                              Case No. 13 CE CG 03993

**PROOF OF SERVICE**

I, S. Monique Belle, declare that I am employed with the law firm of Jackson Lewis P.C., whose address is 50 California Street, 9th Floor, San Francisco, CA 94111; I am over the age of eighteen (18) years and am not a party to this action.

On January 23, 2014, I served the attached:

**ANSWER TO PLAINTIFF MICHAEL KENIHAN'S COMPLAINT**

in this action by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

Mark S. Adams                             *Attonreys for Plaintiff:*
John P. Briscoe                            Michael Kenihan
Mayall Hurley, P.C.
2433 Grand Canal Blvd.
Stodckton, CA 95207
Tel.: 209-477-3833
Fax: 209-473-4818

[X]   BY MAIL:   United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

[ ]   BY HAND DELIVERY:   I caused such envelope to be delivered by hand to the above address.

[ ]   BY OVERNIGHT DELIVERY:   I caused such envelope to be delivered to the above address within 24 hours by overnight delivery service (via Overnight Express).

[ ]   BY FACSIMILE:   I caused such documents to be transmitted by facsimile to the number indicated above.

[ ]   BY ELECTRONIC TRANSMISSION:   I caused such document(s) to be electronically transmitted to the above email address.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct; executed on January 23, 2014, at San Francisco, California.

_____
S. Monique Belle

PROOF OF SERVICE                                                Case No.: 13 CE CG 03883